Not for publication

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, : : : | |
| Plaintiff, : v. : : | Civil Action No. 10-207 (JAP) |
| STEPHEN M. JAYE and THE ESTATE OF RICHARD W. WOODS : : : | **OPINION** |
| Defendants. : | |

PISANO, District Judge:

Presently before the Court are a motion for summary judgment by Defendant Stephen M. Jaye ("Jaye"), (Docket Entry no. 28), a motion to stay by Defendant the estate of Richard M. Woods (the "Estate"), (Docket Entry no. 30), and a cross-motion for summary judgment by Plaintiff The Guardian Life Insurance Company of America ("Guardian"), (Docket Entry no. 32). For the reasons that follow, Guardian's cross-motion for summary judgment is granted, Guardian is awarded its fees and costs, and Guardian is dismissed from the case and discharged from liability. In addition, the Estate's motion to stay is granted and Jaye's motion for summary judgment is denied.

I.   Background

Jaye and Richard M. Woods ("Decedent") were business partners for approximately 15 years before Decedent died on August 23, 2009. As part of this relationship, they each had agreed to purchase a life insurance policy on the other. On June 26, 2000, Jaye purchased a policy from Guardian on Decedent's life in the amount of $150,000 (the "Policy"). In early 2003, Jaye decided to buy out Decedent's interest in a sales company they both owned (the

"Company"), and executed a promissory note (the "Note") to Decedent, dated February 1, 2003, in the amount of $500,000.  The Note set forth a payment plan over ten years, but payment was satisfied in mid-2009 with proceeds from a loan procured by Capital One Bank to refinance real property owned by a separate business venture between Jaye and Decedent (the "Refinancing Loan").

Jaye and Decedent had also agreed, in the shareholder's agreement ("Shareholder's Agreement") of the Company, that any dispute relating to the Company would be subject to binding arbitration.  After Decedent's death in August 2009, a dispute arose between his Estate and Jaye regarding the Company and other business ventures between Jaye and Decedent.  On April 10, 2010, the Estate initiated arbitration proceedings against Jaye asserting, among other claims, a claim to the proceeds of the Policy (the "Proceeds").  Because of the dispute to the Proceeds, Guardian sought to deposit the Proceeds with the Court, which it did so by check dated January 8, 2010.

Guardian filed its Complaint in Interpleader with this Court on January 14, 2010, seeking a final decision on the Proceeds and dismissal from the case.  Jaye then filed his motion for summary judgment on May 24, 2010, seeking payment of the Proceeds.  On June 18, 2010, the Estate filed a motion to stay, seeking to stay the proceedings pending the outcome of the arbitration.  Guardian responded on June 18, 2010 by filing a cross-motion for summary judgment for interpleader relief.

II.   Standard of Review

To prevail on a motion for summary judgment, the moving party must establish "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The district court must determine whether disputed issues of material fact exist, but the court cannot resolve factual disputes in a motion for summary

judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

In determining whether a genuine issue of material fact exists, the court must view the facts in the light most favorable to the non-moving party and extend all reasonable inferences to that party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Stephens v. Kerrigan,* 122 F.3d 171, 176-77 (3d Cir. 1997). The moving party always bears the initial burden of demonstrating the absence of a genuine issue of material fact, regardless of which party ultimately would have the burden of persuasion at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the moving party has met its opening burden, the non-moving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Id.* at 324. Thus, the non-moving party may not rest upon the mere allegations or denials of its pleadings. *Id.* "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

Once the moving-party has demonstrated to the court the absence of a material fact at issue, the Supreme Court has stated that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts...." *Matsushita,* 475 U.S. at 586-87 (citations omitted). In other words, "[i]f the evidence [submitted by the non-moving party] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson,* 477 U.S. at 249-50 (citations omitted).

The Supreme Court has specifically recognized that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses, and [ ] that [the rule] should be interpreted in a way that allows it to accomplish this

purpose." *Celotex,* 477 U.S. at 323-24.  Thus, "[w]hen the record is such that it would not support a rational finding that an essential element of the non-moving party's claim or defense exists, summary judgment must be entered for the moving party." *Turner v. Schering-Plough Corp.,* 901 F.2d 335, 341 (3d Cir. 1990).

III.  Discussion

    A.  Guardian's Cross-Motion for Summary Judgment

28 U.S.C. § 1335 provides:

> The district courts shall have original jurisdiction of any civil action of interpleader . . . filed by any person, firm, or corporation, association, or society having in his or its custody or possession . . . or having issued a . . . policy of insurance, or other instrument of value or amount of $500 or more . . . if (1) [t]wo or more adverse claimants, of diverse citizenship . . . are claiming . . . to be entitled to such money or property . . . and if (2) the plaintiff has deposited such money or property . . . into the registry of the court, there to abide the judgment of the court.

"Interpleader is an equitable device that enables a party holding a fund to compel persons asserting conflicting claims to that fund to adjudicate their rights to the fund in a single action. The classic interpleader scenario involves a neutral stakeholder, such as an insurance company, faced with completing claims over the rights of the res—*e.g.*, the proceeds of a life insurance policy . . . ." *New Jersey Sports Productions, Inc. v. Don King Productions, Inc.*, 15 F.Supp.2d 534, 539 (D.N.J. 1998).  The Third Circuit has noted that an interpleader action "typically involves two steps: during the first, the district court determines whether the requirements of the statute have been met and whether the stakeholder may be relieved from liability; during the second, it actually adjudicates the defendants' adverse claims to the interpleaded fund." *NYLife Distributors, Inc. v. Adherence Group, Inc.*, 72 F.3d 371, 375 (3d Cir. 1995).

In the instant case, the Court is satisfied that the requirements of the statute have been met and that the stakeholder may be relieved from liability.[1] The interpleader statute, 28 U.S.C. § 1335, requires diversity of citizenship between adverse claimants, an amount in controversy of at least $500, and the deposit of the funds at stake with the registry of the Court. Here, the claimants are adverse because they both claim the Proceeds of the Policy. They are diverse because Decedent resided in New York and Jaye resides in New Jersey. The value of the Policy upon Decedent's death totaled over $500, and upon Order of the Court, (Docket Entry no. 4), the full amount of the Proceeds inclusive of applicable interest was deposited with the registry of the Court. As such, Guardian has satisfied the requirements of the interpleader statute. Because Guardian has shown that it may be subjected to multiple claims of liability and has satisfied the requirements of the interpleader statute, its cross-motion for summary judgment seeking interpleader relief is granted and Guardian will be dismissed from the case.

Guardian is also entitled to its legal fees and costs incurred in seeking interpleader relief. It is well-settled law that attorney's fees and costs associated with interpleader are generally awarded to a plaintiff who is "(1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." *Metropolitan Life Ins. Co. v. Kubichek*, 83 Fed. Appx. 425, 431 (3d Cir. 2003) (citing *Septembertide Publ'g, B.V. v. Stein & Day, Inc.,* 884 F.2d 675, 683 (2d Cir.1989)). Neither defendant disputes that Guardian does not satisfy these requirements. Instead, Jaye argues that the Estate's adverse claim is not legitimate, and therefore there is no adverse claimant. The two competing claims to the Proceeds of Jaye and the Estate, however, provide ample evidence that there are indeed two adverse claimants. Jaye next argues that Guardian should not receive fees for defending against his counterclaim because the counterclaim is an independent action. Jaye's

---

[1] Below, the Court stays the adjudication of the defendants' adverse claims pending the outcome of arbitration.

counterclaim seeks for Guardian to provide him with the Proceeds at issue in this case. Therefore, it is not an independent action and Guardian may be awarded fees for such a defense. *See Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 265 (3d Cir. 2009) ("[T]he bringing of an interpleader action protects [a disinterested stakeholder] from liability to the claimants both for further claims to the stake and for any claims directly relating to its failure to resolve that controversy."). Finally, Jay argues that fees and costs should not be awarded in summary fashion. He provides no support, however, for this argument. Furthermore, the Court has reviewed the affidavit submitted by counsel Randi F. Knepper pursuant to Local Rule 54.2 in support of Guardian's fees and costs, as well as the attached invoices, and found the fees and costs to be fair and reasonable. Therefore, the Court awards Guardian's fees and costs, to be deducted from the deposited funds, to Guardian in accordance with the accompanying Order.[2]

      B.  The Estate's Motion to Stay and Jaye's Motion for Summary Judgment

Generally, federal law strongly favors arbitration. *See John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998) ("[T]here is a strong policy in favor of arbitration and courts must resist the attempt to intrude upon arbitration proceedings . . . ."). The Third Circuit has "consistently admonished the courts 'to exercise the utmost restraint and to tread gingerly before intruding upon the arbitral process.'" *Id.* at 136 (quoting *Lewis v. American Fed'n of State, Cnty. and Mun. Emps.*, 407 F.2d 1185, 1191 (3d Cir.1969)). "Thus, federal law presumptively favors the enforcement of arbitration agreements." *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 178 (3d Cir. 1999) (citing *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 133 F.3d 225, 231 (3d Cir.1998)).

---

[2] The Court notes that the vast majority of Guardian's fees were generated after Jaye did not sign a consent judgment providing interpleader relief circulated by Guardian early in the proceedings. (Estate's Mot. to Stay at 5). By contrast, Jaye now does not oppose the motion for interpleader relief by Guardian, rather just the application for attorneys' fees, the bulk of which were incurred because of Jaye's not signing the consent judgment. As such, acceding to Jaye's opposition of attorneys' fees at this point would be inequitable.

Jaye "do[es] not disagree with the Estate's contention that the law favors arbitration and that [he] agreed to arbitrate the dispute presently pending before the arbitrators." (Jaye Reply at 17). Rather, he argues that the pending arbitration "has nothing to do with the sale of the stock of the [ ] Company or the insurance obtained to protect the purchase price of that purchase," but instead revolves around the payment of the Note using proceeds from the Refinancing Loan. (*Id.*). Because the Note was used to purchase the stock of the Company, however, it necessarily follows that the dispute revolving around the payment of the Note relates to the sale of the stock of the Company and to the Note and thus is subject to the arbitration clauses of both the Shareholder's Agreement and the Note. Furthermore, despite Jaye's explanation of the underlying nature of the arbitration proceedings, the Estate's Fourth Claim in its Statement of Claim in the Arbitration explicitly seeks the distribution of the Proceeds from the Guardian life insurance Policy, and so appears to implicate the Policy Proceeds in the pending arbitration. (Estate's Statement of Claim ¶¶ 65-70). As such, the Court will exercise the utmost restraint and refrain from intruding upon the pending arbitration. The Estate's motion to stay is granted and Jaye's motion for summary judgment is denied.

IV. Conclusion

For the reasons above, Guardian's motion for summary judgment is granted, Guardian is awarded its fees and costs, and Guardian is dismissed from the case and discharged from liability. In addition, the Estate's motion to stay is granted and Jaye's motion for summary judgment is denied. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: December 22, 2010